# UNITED STATES DEPARTMENT OF JUSTICE
# UNITED STATES DISTRICT OF COURT
# SOUTHERN DISTRICT OF FLORIDA

**CURRENTLY BEING DETAINED IN ICE CUSTODY**

Dixon, Lincoln Jumoke,
    Petitioner,

Vs

JEFF SESSIONS
    United States Attorney General
THOMAS D. HOMAN
    Secretary of the Department
    Of Homeland Security
MARC MOORE
    U.S ICE Field Officer Director
    For The District of Miami
JUAN ACOSTA / ORESTE CRUZ
    Assistant Field Office Director
    For Krome SPC
                    Respondents,

FILE NO: 042-464-658

FILED BY _____ D.C.
FEB 1 1 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

cat / dlv _____
Case # _____
Jud _____
Motn Ifp _____ Fee pd $ _____
Receipt # _____

# PETITION FOR A WRIT OF HABEAS CORPUS AND RELEASE FROM DETENTION PURSUANT TO 28 U.S.C. § 2241

February 6, 2020,                Page 1 of 11                A# 042-464-658

# PETITION FOR A WRIT OF HABEAS CORPUS AND RELEASE FROM DETENTION PURSUANT TO 28 U.S.C. § 2241

## Background

Petitioner Dixon, Lincoln Jumoke, appearing *pro se*, hereby petitions this Court for a Writ Of Habeas Corpus to remedy Petitioner's unlawful, indefinite and prolonged detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") for more than .180, DAYS in 2019 and now 180, days in 2020 because ICE has been unable to obtain the travel documents necessary to deport him to JAMAICA. In support of this Petition and complaint for injunctive relief, Petitioner alleged as follows:

## Custody

1. Petitioner Dixon, Lincoln Jumoke, is in the physical custody of the Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained at Krome Service Processing Center in Miami FL. ("ICE") has full custody of Immigration detainees such as Petitioner. Petitioner is under direct control of respondent and their agents.

## Jurisdiction

2. This action arises under the Constitution of the United States, 28 U.S.C. § 2241 (a) (1), and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq. This court has subject matter jurisdiction under 28 U.S.C. § 2241, art I§ 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of authority of the United States, and such custody is in violation of the Constititon laws, or treaties of the United States. *See Zadvydas v. Davis*, 533 U.S 678,688 (2001) (we conclude that § 2241 Habeas Corpus proceedings remain available as a forum for statutory and constitutional challenges to Post Removal- Period of detention); *INS v. St.Cyr*, 533 U.S 289, 301 (2001) ("at its historical core, the Writ Of Habeas Corpus proceedings has served as a means of reviewing the legality of executive detention, and it is in that context that its protection have been strongest") *Clark v. Martinez*. 543 U.S 371 (2005) (holding that *Zadvydas* applies to aliens found inadmissible as well as removable. Moreover this jurisdiction of this court is based upon the First, Fourth, Fifth, Sixth, Eight, and the Thirteen amendment to the United States Constitution; the bill of rights; the

February 6, 2020,      Page 2 of 11      A# 042-464-658

rules and regulations of the department of justice (herein D.O.J); and the immigration and naturalization service (here D.H.S); the administrative procedures act (herein APA) title 5 U.S.C. & 701, 702, et al; the federal question statute 28 U.S.C. 1331. Bivens v Six unknown federal narcotic agents, 403 U.S 388, 91 S.C.T 1999, 29 led, 2d 619 (1971); the declaratory judgment statute 28 U.S.C. § 2201 and 2202; the original jurisdiction statute 28 U.S.C. 1251 (b) (3); the alienage statute 28 U.S.C. § 1332 (a) (2) (3) the civil rights statute § 1343 (a) (1),(2),(3) the United States as defendant statute, 28 U.S.C. 1981, the conspiracy to violate plaintiffs civil rights, 42 U.S.C. 1985; failure to prevent the violations of plaintiffs civil rights, 42 U.S.C. 1986, and the laws of equity. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the all Writs Act, 28 U.S.C. § 1651.

3. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## Venue

4. Venue lies in the Southern District Court of Florida, because the petitioner is currently detained in the territorial jurisdiction of this Court at Krome Service Processing Center.

## Exhaustion of Remedies

5. Petitioner Dixon, Lincoln Jumoke, has exhausted any and all his administrative remedies to the extent required by law and his only remedy is by way of this judicial action. After the Supreme Court decision in *Zadvydas*, the Department of justice issued regulations governing the custody of aliens removed. See 8 C.F.R. § 241.4. Petitioner Dixon, Lincoln Jumoke, order of removal was made final on **FEBRUARY 22, 2019.** Subsequently in a decision dated. The petitioner was detained by DHS/ICE on **NOVEMBER 27, 2018** and was informed that he would be kept in detention.

6. No statutory exhaustion requirements apply to petitioner's claim of unlawful detention.

## Parties

7. Petitioner Dixon, Lincoln Jumoke, is a native citizen of JAMAICA . Petitioner was ordered removed on **FEBRUARY 22, 2019.** Petitioner is currently detained at Krome Service Processing Center for this. FEBRUARY 6, 2020 days to date.

8. Respondent Jeff Sessions is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such MR. Jeff. Session has the ultimate custodial authority over the petitioner.

9. Respondent Thomas D Homan is the Secretary of the Department of Homeland Security. He is responsible for the administration of ICE and the implementation and enforcement of the INA. As such Mr. Homan is the legal custodian of the petitioner.

10. Respondent Marc J. Moore is sued in his official capacity as the Field Operations Director, Miami, Florida for ICE DRO. As such he is the designee of the Acting Director of ICE DRO for the Miami district, including jurisdiction of detainees held in Krome Service and Processing Center.

11. Respondent Juan Acosta is the ICE Field Officer Director and is the petitioner's immediate custodian. *See Vasqvez v. Reno*, 233 F3d 688, 690 (1st Cir. 2000), cert. denied, 122 S.C.T. 43 (2001).

## Facts Allegations

12. Petitioner Dixon, Lincoln Jumoke, was born in JAMAICA, on ~~June 20, 1985~~ [redacted]. He arrived in the United States on **SEPTEMBER 1, 1990** on a LAWFUL Contender fleeing form violels, and criminals in JAMAICA, he then was paroled and he resided in [redacted] APT 3411 Duden Dr Atlanta GA 30311 with his Family.

13. Petitioner, Dixon, Lincoln Jumoke, has been convicted of a crime and as a result was ordered deported, the petitioner has served whatever time he had to, and is being punished for something he did in the past.

14. Petitioner Dixon, Lincoln Jumoke, was paroled by ICE and placed on reporting supervision, after being detained for 180 days, then he was later taken in to custody in **May, 2, 2018**,

15. To date however ICE has been unable to remove him to the country of JAMAICA, It is petitioners understanding that JAMAICA, has denied all requests for travel documents, as there is no information pertaining to his Regrestration in JAMAICA, because of him being born after the Independent of JAMAICA,

16. Petitioner Dixon, Lincoln Jumoke, has cooperated fully with all efforts by ICE to remove petitioner from the United States, petitioner has provide ICE with all the information that he is able to obtain.

17. Petitioner Dixon, Lincoln Jumoke, has maintained proper behavior while in custody at Krome Service Processing Center.

## Legal Framework for Relief Sought

18. In *Zadvydas v. State*, 533 U.S 678 (2001) the U.S Supreme Court held that 8 USC § 1231 (a) (6) when "read in light of the Constitutions demands, limits an aliens post removal period detention to a period reasonably necessary to bring about that aliens removal from the United States" 533 U.S at 689. A "Habeas court must (first) ask weather the detention in question exceeds a period reasonably to secure removal" *id. At 699.* If the individuals removal "is not reasonably foreseeable, the court should continued detention unreasonable and no longer authorized by the statue" *id. At 699-700.* *Clark v. Martinez*, 543 U.S 371 (2005), the Supreme Court held that *Zadvydas* applies to aliens found inadmissible as well as removable.

19. In determining the length of a removal period, the court adopted "presumptively reasonable period of detention" of 180, DAYS. *id At 701.* **After 180,DAYS the government bears the burden of disproving an aliens "good reason to believe that there is no significant likelihood of removal in the reasonable foreseeable future"** *See Zhou v. Farquharson*, 2001 U.S Dist lexis 18239.*2-*3(D. Mass. Oct 19, 2001) (quoting and summarizing *Zadavdas).* Moreover for detention to remain reasonable as a period of **prior post-removal confinement grows** what counts as the 'reasonable foreseeable future' conversely would have to shrink" *Zadvydas*, 533 U.S at 701 ICE's administrative regulations also recognize that the HQPDU has

180 ,DAYS period for determining whether there is a significant likelihood of an aliens removal in the reasonably foreseeable future see 8 C.F.R § 241.4 (k) (2) (ii).

20. An alien who has been detained beyond the presumptive 180 DAYS should be released where **the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question.** See Agbada v. John Ascroft, 2002 U.S. Dist. Lexis 1579 (d.mass, August 22, 2002) (court" will likely grant" Habeas petition after fourteen months if ICE is unable to present documents confirmation that the Nigerian government has agreed to (petitioners) (repatriation") Zhou, 2001 U.S. Dist.Lexis 19050 at *7(W.D. Wash February 28, 2002) (government's failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from the foreign government indicated that there was no significant like hood of petitioner's removal in reasonably foreseeable future.

## Claims for Relief
## Count One
## Statutory Violation

21. Petitioner Dixon, Lincoln Jumoke , re-alleges and incorporates by reference paragraphs 1 through 20 above.
22. Petitioner's continued detention by respondent is unlawful and contravenes 8 U.S.C. § 1230 (a) (6) as interpreted by the U.S Supreme Court in Zadvydas. Petitioner's ninety-day statutory removal efforts have both passed. Respondents are unable to remove petitioner to JAMAICA , because there is no travel documents available. In Martinez, the U.S Supreme Court held that the continued indefinite detention of someone like petitioner under such circumstances is unreasonable and not authorized by 8 U.S.C. § 1231 (a) (6).

## Count Two

## Substantive Due Process Violation

23. Petitioner Dixon, Lincoln Jumoke, re-alleges and incorporates by reference paragraphs 1 through 22 above.

24. Petitioner Dixon, Lincoln Jumoke, continued detention violates petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint. See e.g. Tam v. INS, 14 F. Supp. 2d 1184 9E.D.Cal 1998) (aliens retain substantive due process rights.)

25. The due process clause of the Fifth Amendment requires that deprivation of petitioner's liberty be narrowly tailored serve a compelling government interest. While respondent would have an interest in detaining petitioner in order to effectuate removal, that interest does not justify the indefinite detention of petitioner in order to effectuate removal, that interest does not justify the indefinite detention of petitioner who is not significantly likely to be removed in the reasonably foreseeable future. The U.S Supreme Court in *Zadvydas* thus interpreted 8 U.S.C. § 1231 (a) to allow continue detention only for a period reasonably necessary to secure the alien's removal, because any others reading would go beyond the government's articulated interest the alien's removal. See Kay v Reno, 94 F. Supp. 2d. 546, 5519 m.d. pa. 2000) ( granting Writ of Habeas Corpus, because Petitioner's substantive due process rights were violated, and noting that**." if deportation can never occur, the government's primary legitimate purpose in detention-execute removal-is nonsensical")** because petitioner is unlikely to be removed to JAMAICA, His continued indefinite detention violates substantive due process.

# Count Three
# Procedural Due Process Violation

26. Petitioner Dixon, Lincoln Jumoke, re-alleges and incorporates by reference paragraphs 1 through 25 above.

27. Under the due process clause of the Fifth Amendment and alien is entitled to a timely and meaningful opportunity to demonstrate that he/she should not be detained. Petitioner in this case has been denied that opportunity. There is mo administrative mechanism in place for the petitioner to obtain a decision from a neutral arbiter or appeal a custody decision that violates *Martinez*. See generally 8 C.F.R. § 212.12. A number of courts have identified a substantial bias within ICE towards the continued detention of aliens, raising the risk of an erroneous deprivation to constitutionally high levels See, e.g. *Phan v. Reno*, 56 F. Supp. 2d 1149, 1157( W.D. Was. 1999) ("INS does not meaningfully and impartially review the Petitioners status'); *St. John v. McElroy*, 917 F. Supp 243, 251 (S.D.N.Y. 1996) (' due to political and community pressure, INS, an executive agency, has every incentive to continue to detain aliens with aggravated felony convictions, even though they have served their sentence, on the suspicion that they may continue to pose a danger to the community.") *See also Rivera v. Demore,* no. c 99-3042 THE, 199 WL 521199, *7 (N.D. Cal. July 13, 1999) (procedural due process requires that aliens release determination be made by an impartial adjudicator due to agency bias.)

The thirteenth amendment guarantees slavery or involuntary servitude, except as punishment for a crime. Plaintiff paid his dept to society he served his sentence and was released. Because he is now in immigration detention he can not earn minimum wage that only pays 1 USD sometimes more than 45 minuets recreation time. (He is not in federal prison or state or county custody to be subjected to these harsh conditions while waiting to be deported or paroled.)

WHEREFORE, Petitioner Dixon, Lincoln Jumoke, prays this Court grant the following relief:

1). Assume jurisdiction over this matter;

2). Grant Petitioner a Writ of Habeas Corpus directing the Respondent to immediately release Petitioner form custody;

3). Enter preliminary and permanent injunctive relief enjoining Respondent from further unlawful detention of Petitioner;

4). Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), **as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412,** and on any other basis justified under law;

5). Grant other and further relief that this Court deems just and proper.

MR; Dixon, Lincoln Jumoke,  
A#042-464-658  
Defendant, *Pro Se*  
Krome Service Processing Center  
18201 S.W. 12Street  
Miami, Florida  33194

# CERTIFICATE OF SERVICE

I, HEREBY CERTIFY, that a true and correct copy of the foregoing **Petition For A Writ Of Habeas Corpus And Release From Detention Pursuant To 28U.S.C § 2241** has been furnished and was place in the hands of the detention authorities here at the **Krome Service Processing Center** to be forwarded by hand delivery and / or was placed in the U.S. Postal Service, with postage pre-paid stamps for first class mail, and properly addressed to be served On, 6, day of February, 2020, to the following parties:

(1). U.S. District Court Southern
District of Florida Clerk of the Court
301 N.Miami AVE
Miami FL 33128

(2). ICE/DHS Office of the Chief
Counsel
18201 S.W 12th Street
Miami Florida 33194

(3). Marc J Moore ICE Field Operations
Director for Florida
865 S .W 78 Ave Ste 101

(4). Jeff Sessions
Plantation Florida 33324
U.S. Attorney General
Civil Division Office of Immigration
Litigation P.O. Box 878, Ben Franklin
Station Washington, DC 20536

(5).Walter M Ingram
ICE Chief of Headquarters
Post-Order Detention Unit St
500 12th Street S.W
Washington, DC 20536

On this day, FEBRUARY 6 , 2020.

MR. Dixon, Lincoln Jumoke,
A# 042-464-658
Defendant, *Pro Se*
Krome Service Processing Center
18201 S.W. 12 Street
Miami, Florida  33194

# NOTARIZED OATH OF MR. Dixon, Lincoln Jumoke,

**UNDER THE PENALTIES OF PERJURY**, and the authority pursuant to section § 92.525(2), **of the Florida Statues (2001);** and *State Vs Sherarer* 628So.2d.1102 (Fla.1995). I the Defendant, hereby declare that the foregoing **"Petition For A Writ Of Habeas Corpus And Release From Detention Pursuant To 28U.S.C § 2241"** and all the foregoing facts stated therein are true and correct.

MR. Dixon, Lincoln Jumoke,
A# 042-464-658
Defendant, *Pro Se*
Krome Service Processing Center
18201 S.W. 12 Street
Miami, Florida 33194

February 6, 2020,    Page 11 of 11    A# 042-464-658

Dixon, Lincoln Juniort
Krome SPC.
18201 S.W. 12th Street
Miami, FL. 33194
042 464 658

US District Court Sout
District of Florida clerk
301 N. Miami, AVE
Miami, FL 33108

LeGAl Mail


