UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-20605-SCOLA
MAGISTRATE JUDGE REID

LINCOLN JUMOKE DIXON,

    Petitioner

v.

UNITED STATES ATTORNEY
GENERAL, et al.,

    Respondent
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Petitioner's *pro se* Amended Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. [ECF No. 7]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Petitioner, **Lincoln Jumoke Dixon**, essentially challenges his continued detention by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") and argues that he is entitled to immediate release from ICE custody pursuant to the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678, 698-701 (2001) (holding that removable aliens

may only be detained for a "reasonable period," which is presumed to be six months, unless it can be shown that there is a "significant likelihood of removal in the reasonable foreseeable future."). [*See generally* ECF No. 7]. At the time the initial petition was filed, Petitioner was in ICE custody and detained at Krome Service Processing Center in Miami, Florida. [ECF No. 1].

Respondent, however, states that since filing the initial petition, Petitioner has been removed from the United States and is no longer in ICE detention. [ECF No. 12 at 1-2]. Accordingly, Respondent argues, there is no longer a case or controversy under Article III, § 2 of the United States Constitution, and the Court should dismiss the Petition as moot. [*Id.*].

After careful consideration, and as further discussed below, the Undersigned **RECOMMENDS** that the Amended Petition [ECF No. 7] be **DISMISSED AS MOOT**.

## II.    Discussion

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citations omitted). "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Id*. "[A] case is

moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id*.

In *Soliman*, the Eleventh Circuit dismissed as moot an appeal filed by an alien who had sought habeas corpus relief from his continued detention pending execution of a removal order. *See id*. The alien was removed from the United States while the appeal was pending. *See id*. In light of Soliman's removal, the Court found that it was "abundantly clear" that the appeal was moot because the relief sought - release from detention pending removal, in addition to other relief - could not be affected by any order from the Court since Soliman was no longer being detained. *Id*. at 1243.

Here, a search of ICE's Online Detainee Locator System reveals no matching results for Petitioner, searching both with Petitioner's A-Number and his name. The Undersigned takes judicial notice of such pursuant to Fed. R. Evid. 201. Further, Respondent has produced documents indicating that Petitioner has been removed from the United States. [*See* ECF No. 12-1].

Because Petitioner is no longer in ICE custody, having been deported to Jamaica, no order from this Court directing his release would have any effect. As such, there is "nothing for us to remedy, even if we were disposed to do so.'" *Id*. at 1243 (quoting *Spencer*, 523 U.S. at 18).

### III. Recommendations

Based on the above, it is **RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus [ECF No. 7] be **DISMISSED AS MOOT** and this case be **CLOSED** by the Clerk of Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 9th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Lincoln Jumoke Dixon
 042-464-658
 Pine Prairie Correctional Center
 Inmate Mail/Parcels
 1133 Hampton Dupre Road
 Pine Prairie, LA 70576
 PRO SE

 Suzette A. Smikle
 DOJ-USAO
 99 NE 4th Street
 Suite 300
 Miami, FL 33132
 305-961-9370
 Email: suzette.smikle@usdoj.gov